964 So.2d 690 (2007)
In re AMENDMENTS TO RULES REGULATING THE FLORIDA BAR RE CHAPTER 11 TASK FORCE.
No. SC03-122.
Supreme Court of Florida.
July 5, 2007.
Rehearing Denied August 30, 2007.
William P. White, III, Chair, Public Defender, Fourth Judicial Circuit, Jacksonville, Florida, John F. Harkness, Jr., Executive Director, Paul F. Hill, General Counsel, The Florida Bar, Tallahassee, Florida, and Robert A. Rush, The Florida Bar, Gainesville, Florida, for Petitioner.
Thomas Arthur Pobjecky, General Counsel, Florida Board of Bar Examiners, Tallahassee, Florida; The Honorable Howard H. Babb, Jr., President, Florida Public Defender's Association, Inc., Public Defender, Fifth Judicial Circuit, Tavares, Florida, R. Blaise Trettis, Executive Assistant Public Defender, Eighteenth Judicial Circuit, Viera, Florida, and Nancy Daniels, Public Defender, Second Judicial Circuit, Tallahassee, Florida; Michael J. Snure, President, Florida Association of Criminal Defense Lawyers, Winter Park, Florida, and Brian L. Tannebaum, President, and H. Scott Fingerhut, Florida Association of Criminal Defense Lawyers, Miami Chapter, Miami, Florida; Arthur I. Jacobs, General Counsel, Florida Prosecuting Attorneys Association, Inc., Fernandina Beach, Florida and Don L. Horn, Chief Assistant State Attorney, Eleventh Judicial Circuit, Miami, Florida, Rory S. Stein, General Counsel, on behalf of Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, Miami, Florida; Antonio G. Jimenez, Miami, Florida; Michael G. Figgins, Executive Director, Jacksonville Area Legal Aid, Inc., Jacksonville, Florida; Wayne Adams, Charlotte S. Anderson, Forrest Andrews, Sandra Miller-Batiste, Suzanne A. Bell, Shana Belyeu, Monique Botero, Leon Howard Botkin, Penny Hershoff Brill, Gabrielle Raemy Charest, Susan Abrams Dannelly, Susan Leah Dechovitz, J. Scott Dunn, Gabriel Ermine, Alicia Garcia, David I. Gilbert, Gina Girardot, Margaret Henghold, Chiaka Ihekwaba, Susan Breslaw Kashuk, Gail Levine, Randi Levin, Philip W. Maniatty, Hilton Napoleon, II, Sanitha Narayan, Janine L. Peress, Barbra Gershkoff Pineiro, Danise Ponton, Joseph D. Robinson, Deisy Rodriguez, Julissa Rodriguez, Howard R. Rosen, Kristen Rosenthal, David Seltzer, Benjamin David Simon, Elyse Klein Targ, Breezye Telfair, Erinn Thompson, Marie Jo Toussaint, Dione Yvette Trawick, Andrea Ricker Wolfson, Christine E. Zahralban, Carolyn Margaret Zegeer, Miami, Florida; John W. Thornton, Jr., President, Dade County Bar Association, Miami, Florida; Peggy F. Schrieber, Jeffrey T. Grater, and Claudia Wright, Virgil Hawkins Civil Clinics, University of Florida Levin College of Law, Gainesville, Florida; C. Peter Goplerud, Dean and Professor of Law, Florida Coastal School of Law, Jacksonville, Florida; and Phyllis Williams Kotey, Clinical Associate Professor and Criminal Clinic Director, Florida International University College of Law, Miami, Florida, Responding with comments.
PER CURIAM.
We have for consideration The Florida Bar's Special Board Committee to Study the Law School Practice Program's proposed amendments to the Rules Regulating the Florida Bar 11-1.3 (Requirements and Limitations), 11-1.5 (Approval of Legal Aid Organization), 11-1.9(b) (Graduates of Non-Florida Law Schools), and 11-1.9(c) (Termination of Certification). We have jurisdiction. See art. V, § 15, Fla. Const.

*691 BACKGROUND
In September 2003, the Court asked The Florida Bar to review Chapter 11 of the Rules Regulating the Florida Bar for the purpose of suggesting possible amendments to the rules governing the Law School Practice Program to address certain perceived shortcomings in the program as it currently exists and to report back to the Court. The Florida Bar's Special Board Committee to Study the Law School Practice Program (Committee) undertook the task.[1] In June 2005, the Committee submitted three proposed amendments to Chapter 11 for consideration by this Court. In its letter accompanying the submission, the Committee noted that any proposed amendments "would still be subject to additional lawyer and public comment prior to their final adoption." The Committee further noted that certain government offices, which rely heavily on interns to fulfill their staffing needs due to workload demands, are opposed to any change of Rule 11-1.9(c) (allowing post-graduate certified legal interns up to twelve months to pass the Florida bar exam before losing their certification).
After submission to the Court, the proposed amendments were published in The Florida Bar News, and comments on the proposed amendments were invited. After considering the comments and conducting oral argument, we adopt some of the Committee's amendments as proposed and adopt others with modifications, as set out below. In one instance, the changes we adopted in one subdivision of a rule led us to sua sponte amend another subdivision to the same rule so that graduates of Florida and out-of-state law schools would be treated equally.

AMENDMENTS
Rule 11-1.3(a), Requirements and Limitations, and Rule 11-1.9(b), Graduates of Non-Florida Law Schools
The Committee proposes amending rules 11-1.3(a) and 11-1.9(b) to require law school students and graduates who wish to participate in a law school practice program or a post-graduate certified legal intern program to file an application for admission to The Florida Bar (Bar) with the Florida Board of Bar Examiners (Board) and to obtain a letter of initial clearance as to character and fitness from the Board as a prerequisite to participation. The phrase proposed by the Committee uses the word "application," which is the form currently completed by applicants for admission to The Florida Bar, the submission of which, along with the applicable fees, causes the Board to begin an initial investigation into the applicant's character and fitness.
Under the current versions of rules 11-1.3(a) and 11-1.9(b), the analysis of an applicant's character and fitness has been the responsibility of the applicant's law school dean and the agency or office where the applicant applies to serve. In the past, this has led to a wide disparity in the quality and quantity of the background investigations conducted and very serious *692 problems. Not surprisingly, this resulted in some persons being approved for participation who, because of disqualifying or other negative incidents in the past, should not have been accepted if the background information had been otherwise disclosed. Accordingly, we asked the Committee to propose an amendment which would provide a plan for a uniform and high-quality background investigation to be conducted on every person prior to certification by this Court of authorization to become a certified intern for acceptance into a law school practice program or as a post-graduate certified legal intern.
We first address the proposed amendment to rule 11-1.3 (Requirements and Limitations) to add a new subdivision (a). The proposed amendment would require all law students who seek to be authorized as certified interns to complete and submit to the Board an application for admission to the Bar and to obtain an initial clearance letter from the Board as a prerequisite to participation in the program. See generally Fla. Bar Admiss. R. 2-21, 2-21.2 & 2-23.
We agree that the Board should be the entity to conduct the fitness and character screening of law students for participation in the certified intern program. The Board possesses the most experience in conducting background investigations designed to determine issues of character and fitness for the practice of law. It is the entity responsible for screening applicants for admission to the Bar to ensure the continued quality and character of those admitted to the practice of law in this state. It has established an impressive track record of success in this area over many years and has the staff and expertise to perform this function.
While we realize that students who seek to become certified interns are not attorneys and have not taken or passed the bar examination, we nevertheless believe these students, who actually provide legal representation to others under the supervision of members of The Florida Bar, must have the requisite character and fitness for eventual admission, either to the Bar of this state or other state bar of their choice. We repose our trust for the accomplishment of this purpose in the Board. Those certified actually provide legal representation to others, albeit under the supervision of a member of the Bar.
However, we modify the wording of the new subdivision (a) proposed by the Committee and approve the following language instead:
In order to make an appearance pursuant to this chapter, the law student must:
(a) have registered with the Florida Board of Bar Examiners as a certified legal intern registrant; have paid the $75 fee for such registration if the registration is completed within the first 250 days of the registrant's law school education or $150 if the registration is filed after the 250-day deadline; and have received a letter of clearance as to character and fitness from the Florida Board of Bar Examiners; any fee paid under this subdivision shall be deducted from the applicable application fee should the certified legal intern registrant subsequently decide to apply for admission to The Florida Bar;
Our language provides that the form to be used be designated as a "certified legal intern registration," but it must clearly require disclosure of the same information required by the Board for applicants for admission. It further establishes a lower fee than that for admission applications. Finally, it allows the student to offset the fee paid under the rule from any subsequent application fee for admission to The Florida Bar.
*693 We direct the Board to prepare a certified legal intern registration form for use for this purpose or to amend the Application for Admission to The Florida Bar to reflect this certified legal intern registration purpose in addition to its present purpose. See Fla. Bar Admiss. R. 2-21.2. We also direct the Board to prepare a standard letter of clearance which may be used for this purpose or as the letter of initial clearance which usually follows from an application for admission to the Bar.
The other requirements presently in the rule remain unchanged, although re-lettered, including the requirement that a certified legal intern registrant be certified by the dean of his or her law school to be of good character, competent legal ability, and adequately trained to perform as a certified legal intern. The letter of clearance from the Florida Board of Bar Examiners will be in addition to the existing requirements.
We next address the proposed amendment to rule 11-1.9(b). We agree with the Committee that the Board is the proper entity to certify that graduates of out-of-state law schools who seek designation and authorization in the certified legal intern program have the requisite character and fitness for it and possess the same clearance letter. We further agree that to qualify as a post-graduate certified legal intern, the participant must have actually applied for admission to the Bar. Accordingly, we approve the amendment proposed by the Committee, which provides:
A graduate of an American Bar Association approved non-Florida law school may qualify for continuation if the graduate has made application for admission to The Florida Bar and received a letter of initial clearance as to character and fitness from the Florida Board of Bar Examiners, and has successfully completed a clinical program in law school that met the definition of a law school practice program under rule 11-1.2(a) and that awarded a minimum of 3 semester hours or the equivalent or required at least 200 hours of actual participation in the program.
The amendments we approve in rules 11-1.3(a) and 1-1.9(b), however, would allow graduates of Florida law schools to serve as post-graduate certified legal interns without having made formal application for admission to the Bar, while graduates of out-of-state law schools will have to apply. To ensure that both groups are treated equally, we must also amend rule 11-1.9(a) as follows:
(a) Certification. A law student at an American Bar Association approved Florida law school who has filed an application for admission to The Florida Bar, has received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners, has completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program, and has had certification withdrawn by the law school dean by reason of successful completion of the program or has graduated from law school following successful completion of the program may make appearances for any of the same supervisory authorities under the same circumstances and restrictions that were applicable to students in law school programs pursuant to this chapter if the supervising attorney:
(1) files a certification in the same manner and subject to the same limitations as that required to be filed by the law school dean and files a separate certificate of the dean stating that the law student has successfully completed the law school practice program. This *694 certification may be withdrawn in the same manner as provided for the law school dean's withdrawal of certification. The maximum term of certification for graduates shall be 12 months from graduation; and
(2) further certifies that the attorney will assume the duties and responsibilities of the supervising attorney as provided by other provisions of this chapter.
This amendment makes it clear that graduates of both Florida and non-Florida law schools must have applied for admission to The Florida Bar and have received initial clearance letters from the Board to be eligible to participate as post-graduate certified legal interns.
Many comments concerning the amendments proposed to rules 11-1.3(a) and 11-1.9(b) centered on the time period required for the Board to conduct the character and fitness investigations of the students and the cost and time involved in completing and submitting the application forms. The Board has filed a comment assuring the Court that it will complete most of the required investigations within three to six months of the date of receipt of the application or registration form for certified legal intern authorization. We are cognizant that the discovery of negative, possibly disqualifying information in a student's background could cause unavoidable delays. These matters, if they arise, must be fully investigated. Consequently, students with negative information in their backgrounds should file a registration application as early as possible in their law school careers if they have a desire to participate in a law school practice program to allow adequate time for resolution of these issues. We believe our other adjustments to the rules, providing for a different form and reduced fees, address the other concerns expressed in the comments.
Of course, we recognize that our amendments must be prospective only to afford law students who may want to participate in a certified program adequate time to register with the Board and to receive a clearance letter prior to participation, which usually occurs in the third year of legal training. We certainly anticipate that the Florida law schools, as well as the agencies and organizations that use interns to fulfill their staffing needs, will do their best to inform all incoming law students of these new requirements for planning purposes. In consideration of all of this, these amendments are applicable to any law students entering a law school practice program beginning on August 1, 2008, or later.
Rule 11-1.5, Approval of Legal Aid Organization
We next consider the proposed amendment to rule 11-1.5 (Approval of Legal Aid Organization). The Committee was also asked to consider possible amendments to the rule because it was feared that some organizations seeking Legal Aid status to use certified interns have served paying clients as well as some indigent, but would use interns to gain an advantage over competitors who served only paying clients. Accordingly, the Committee proposed amending the rule to require that legal aid organizations seeking to use certified law school interns serve only indigent clients. While we agree with the Committee that legal aid organizations that seek to be qualified to use certified legal interns should serve the indigent, we cannot agree that such organizations must serve indigent clients exclusively; rather, a majority of the legal aid organization's clients must be indigent. We caution, however, that certified legal interns must be used exclusively for indigent representation as opposed to other uses. Accordingly, we amend the first sentence of rule 11-1.5 to read: "Legal aid organizations that provide *695 a majority of their legal services to the indigent and use law student interns pursuant to this chapter must be approved by the supreme court."
Rule 11-1.9(c), Termination of Certification
Finally, we consider the Committee's proposed amendment to rule 11-1.9(c) (Termination of Certification). Under the present rule, post-graduate certified legal interns maintain their certification for up to twelve months. Presently, either of two occurrences operates to terminate certification prior to the expiration of the twelve-month period: (1) if the certified legal intern failed to "take the next available Florida bar examination" or (2) if the intern is denied admission to the Bar. (Emphasis added.)
The Court is concerned that these requirements are insufficient to ensure that certified interns, particularly those representing criminal defendants, possess the requisite level of competence and skill needed to adequately represent clients, even under the supervision of a licensed attorney. Indeed, requiring an applicant for admission to pass the bar exam itself is our way of ensuring that practitioners possess the requisite skills and competence. Accordingly, we asked the Committee to consider amending the rule to address this concern. The Committee proposed amending the rule to require post-graduate certified legal interns to take and pass all parts of the next available Florida bar examination.
After consideration of the comments filed and the oral arguments presented, we will allow certified legal interns to take the exam a second time if they fail to pass the first time; they shall be immediately decertified if they fail a second time. Accordingly, we adopt the following amendment to rule 11-1.9(c):
(c) Termination of Certification. Failure of a post-graduate certified legal intern to do any of the following shall result in the automatic termination of certification:
(1) Ffailure to take the next available Florida bar examination;
(2) failure to take the second available Florida bar examination, if unsuccessful on the first administration;
(3) failure to pass every portion of the Florida bar examination by at least the second administration, if unsuccessful on the first administration; or
(4) denial of admission to The Florida Bar shall terminate certification hereunder.

CONCLUSION
We hereby adopt the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will become effective on August 1, 2007, at 12:01 a.m. However, rules 11-1.3(a), 11-1.9(a), and 11-1.9(b), as amended, will apply prospectively only to law school students entering a law school practice program on August 1, 2008, or later.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
CHAPTER 11. RULES GOVERNING THE LAW SCHOOL PRACTICE PROGRAM

11-1. GENERALLY
RULE 11-1.1. PURPOSE
[NO CHANGE]
*696 RULE 11-1.2. ACTIVITIES
[NO CHANGE]
RULE 11-1.3. REQUIREMENTS AND LIMITATIONS
In order to make an appearance pursuant to this chapter, the law student must:
(a) have registered with the Florida Board of Bar Examiners as a certified legal intern registrant; have paid the $75 fee for such registration if the registration is completed within the first 250 days of the registrant's law school education or $150 if the registration is filed after the 250-day deadline; and have received a letter of clearance as to character and fitness from the Florida Board of Bar Examiners; any fee paid under this subdivision shall be deducted from the applicable application fee should the certified legal intern registrant subsequently decide to apply for admission to The Florida Bar;
(b) be duly enrolled in the United States in, and appearing as part of a law school practice program of, a law school approved by the American Bar Association;
(bc) have completed legal studies amounting to at least 4 semesters or 6 quarters for which the student has received not less than 48 semester hours or 72 quarter hours of academic credit or the equivalent if the school is on some other basis;
(cd) be certified by the dean of the student's law school as being of good character and competent legal ability and as being adequately trained to perform as a legal intern in a law school practice program;
(de) be introduced to the court in which the student is appearing by an attorney admitted to practice in that court;
(ef) neither ask for nor receive any compensation or remuneration of any kind for the student's services from the person on whose behalf the student renders services, but this shall not prevent a state attorney, public defender, legal aid organization, or state officer or governmental entity from paying compensation to the eligible law student (nor shall it prevent any of the foregoing from making such charge for its services as it may otherwise require); and
(fg) certify in writing that the student has read and is familiar with the Rules of Professional Conduct as adopted by this court and will abide by the provisions thereof.
RULE 11-1.4. CERTIFICATION OF STUDENT
[NO CHANGE]
RULE 11-1.5. APPROVAL OF LEGAL AID ORGANIZATION
Legal aid organizations that provide a majority of their legal services to the indigent and use law student interns pursuant to this chapter must be approved by the supreme court. A legal aid organization seeking approval shall file a petition with the clerk of the court certifying that it is a nonprofit organization and reciting with specificity:
(a) the structure of the organization and whether it accepts funds from its clients;
(b) the major sources of funds used by the organization;
(c) the criteria used to determine potential clients' eligibility for legal services performed by the organization;
(d) the types of legal and nonlegal services performed by the organization; and
(e) the names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization.
*697 Legal aid organizations approved on the effective date of this chapter need not reapply for approval, but all such organizations are under a continuing duty to notify the court promptly of any significant modification to their structure or sources of funds.
RULE 11-1.6. OTHER ACTIVITIES
[NO CHANGE]
RULE 11-1.7. SUPERVISION
[NO CHANGE]
RULE 11-1.8. MISCELLANEOUS
[NO CHANGE]
RULE 11-1.9. CONTINUATION OF PRACTICE PROGRAM AFTER COMPLETION OF LAW SCHOOL PROGRAM OR GRADUATION
(a) Certification. A law student at an American Bar Association approved Florida law school who has filed an application for admission to The Florida Bar, has received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners, has completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program, and has had certification withdrawn by the law school dean by reason of successful completion of the program or has graduated from law school following successful completion of the program may make appearances for any of the same supervisory authorities under the same circumstances and restrictions that were applicable to students in law school programs pursuant to this chapter if the supervising attorney:
(1) files a certification in the same manner and subject to the same limitations as that required to be filed by the law school dean and files a separate certificate of the dean stating that the law student has successfully completed the law school practice program. This certification may be withdrawn in the same manner as provided for the law school dean's withdrawal of certification. The maximum term of certification for graduates shall be 12 months from graduation; and
(2) further certifies that the attorney will assume the duties and responsibilities of the supervising attorney as provided by other provisions of this chapter.
(b) Graduates of Non-Florida Law Schools. A graduate of an American Bar Association approved non-Florida law school may qualify for continuation if the graduate has made application for admission to The Florida Bar and received a letter of initial clearance as to character and fitness from the Florida Board of Bar Examiners, and has successfully completed a clinical program in law school that met the definition of a law school practice program under rule 11-1.2(a) and that awarded a minimum of 3 semester hours or the equivalent or required at least 200 hours of actual participation in the program.
(c) Termination of Certification. Failure of a post-graduate certified legal intern to do any of the following shall result in the automatic termination of certification:
(1) Ffailure to take the next available Florida bar examination;
(2) failure to take the second available Florida bar examination, if unsuccessful on the first administration;
(3) failure to pass every portion of the Florida bar examination by at least the second administration, if unsuccessful on the first administration; or
(4) denial of admission to The Florida Bar shall terminate certification hereunder.
*698 RULE 11-1.10. CERTIFICATION OF MEMBERS OF OUT-OF-STATE BARS
[NO CHANGE]
NOTES
[1] The Committee was the second entity to review Chapter 11 and suggest changes. In January 2001, the Court created, by administrative order, a task force to review the rules and make recommendations of changes that would strengthen and improve the program. See In re: Task Force to Review Rules Governing the Law School Practice Program (Chapter 11 of the Rules Regulating the Florida Bar), Fla. Admin. Order No. AOSC01-1 (Jan. 5, 2001) (on file with Clerk, Fla. Sup.Ct.). The task force proposed significant changes. The Court rejected these recommendations because the proposed changes would not have corrected the perceived problems and would have also created additional concerns, including the transfer of judicial branch functions to other branches.