# Supreme Court of Florida

_____

No. SC16-1963
_____

**IN RE:  AMENDMENTS TO THE RULES REGULATING THE FLORIDA BAR—RULES 11-1.3 AND 11-1.9 (BIENNIAL PETITION).**

[April 13, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Rules Regulating the Florida Bar (Bar Rules).  We have jurisdiction.  See art. V, § 15, Fla. Const.

The Florida Bar (Bar) has filed its biennial petition proposing amendments to Bar Rules 11-1.3 (Requirements and Limitations) and 11-1.9 (Continuation of Practice Program After Completion of Law School Program or Graduation), regarding certified legal interns.  Pursuant to Bar Rule 1-12.1(g), the Bar published formal notice of its intent to file a petition recommending these amendments in The Florida Bar News.  This notice was published on September 1, 2016, and allowed interested persons thirty days after the filing of the Bar's petition to provide comments to the Court.  No comments were filed with the Court.

**BACKGROUND**

In September 2003, The Florida Bar's Special Board Committee to Study the Law School Practice Program (Committee) undertook the task of reviewing and studying Chapter 11 of the Rules Regulating the Florida Bar for the purpose of suggesting possible amendments to the rules governing the Law School Practice Program in order to address certain perceived shortcomings. See In re Amends. to R. Regulating Fla. Bar re Chapter 11 Task Force, 964 So. 2d 690 (Fla. 2007). In June 2005, the Committee submitted three proposed revisions to Chapter 11 to the Court for its consideration, one of which was a proposal to amend rules 11-1.3 and 11-1.9 to require law school students and graduates wishing to participate in a certified legal intern program to apply for admission to The Florida Bar and obtain a letter of initial clearance as to character and fitness from the Florida Board of Bar Examiners as a prerequisite to participation. Id. at 691. At that time, multiple comments were filed opposing this change; however, the Florida Board of Bar Examiners supported the amendments. Ultimately, the Court adopted a modified version of the proposal which required registration as a certified legal intern registrant and receipt of a "letter of clearance as to character and fitness from the Florida Board of Bar Examiners." Id. at 692. This change was applied prospectively only to law school students entering a law school practice program on August 1, 2008, or later. Id. at 694. In its opinion, the Court stated:

Under the current versions of rules 11–1.3(a) and 11–1.9(b), the analysis of an applicant's character and fitness has been the responsibility of the applicant's law school dean and the agency or office where the applicant applies to serve. In the past, this has led to a wide disparity in the quality and quantity of the background investigations conducted and very serious problems. Not surprisingly, this resulted in some persons being approved for participation who, because of disqualifying or other negative incidents in the past, should not have been accepted if the background information had been otherwise disclosed. Accordingly, we asked the Committee to propose an amendment which would provide a plan for a uniform and high-quality background investigation to be conducted on every person prior to certification by this Court of authorization to become a certified intern for acceptance into a law school practice program or as a post-graduate certified legal intern.

We first address the proposed amendment to rule 11–1.3 (Requirements and Limitations) to add a new subdivision (a). The proposed amendment would require all law students who seek to be authorized as certified interns to complete and submit to the Board an application for admission to the Bar and to obtain an initial clearance letter from the Board as a prerequisite to participation in the program. See generally Fla. Bar Admiss. R. 2–21, 2–21.2 & 2–23.

We agree that the Board should be the entity to conduct the fitness and character screening of law students for participation in the certified intern program. The Board possesses the most experience in conducting background investigations designed to determine issues of character and fitness for the practice of law. It is the entity responsible for screening applicants for admission to the Bar to ensure the continued quality and character of those admitted to the practice of law in this state. It has established an impressive track record of success in this area over many years and has the staff and expertise to perform this function.

While we realize that students who seek to become certified interns are not attorneys and have not taken or passed the bar examination, we nevertheless believe these students, who actually provide legal representation to others under the supervision of members of The Florida Bar, must have the requisite character and fitness for eventual admission, either to the Bar of this state or other state bar of their choice. We repose our trust for the accomplishment of this purpose in the Board. Those certified actually provide legal

- 3 -

representation to others, albeit under the supervision of a member of the Bar.

Id. at 691-92.

## PROPOSED AMENDMENTS

The Bar now proposes amending rules 11-1.3 (Requirements and Limitations) and 11-1.9 (Continuation of Practice Program After Completion of Law School Program or Graduation), to allow a law student or graduate to become a certified legal intern after passing a Level 2 background investigation, a process which the Bar states can be completed in one to three weeks. The Bar states that the process under the current rule can take six to nine months. The proposal aims to expedite and streamline the process for law students and graduates to obtain initial clearance from the Florida Board of Bar Examiners in order to participate in certified legal intern programs. The proposal requires the law student to register with the Board as a certified legal intern registrant and furnish his or her fingerprints to enable the Board to conduct a Level 2 background investigation. Under the proposal, the Board would conduct the investigation "as soon as possible after the law student submits the registration and appropriate fee" and "issue an initial letter of clearance to the law student if the results of the Level 2 background investigation do not demonstrate a lack of honesty, trustworthiness, diligence or reliability." The Bar states that this process will ensure that the public is protected by confirming that the law student has a clear criminal history before being

certified as a legal intern; it allows the law student to be certified in one to three weeks, rather than six to nine months; and it requires early application for admission to The Florida Bar.

According to the petition in this case, during development of the proposals, the Bar received several comments which noted that since the adoption of the current rule, participation in certified legal intern programs has significantly fallen due, at least in part, to the amount of time it takes for a registrant to receive clearance from the Florida Board of Bar Examiners. Also during the development of the proposals, the Board made its objections known to the Bar. The Board objected to the Bar's proposals on several grounds. First, the Board disputed that under the current rule, clearance of individuals takes six to nine months; rather, the Board asserted that from October 2010 through September 2015, the average time ranged from approximately four to five and a half months. Second, the Board maintained that it is not possible to determine requisite character and fitness for eventual admission to The Florida Bar with just a Level 2 background check, especially when criminal conduct is only one of the fourteen areas of potentially disqualifying conduct the Board is required to consider under Rule of the Supreme Court Relating to Admissions to the Bar 3-12. Third, the Board contended that the standard to be met under the rule—i.e, that the Board will issue a letter of initial clearance "if the results of the Level 2 background investigation do not

demonstrate a lack of honesty, trustworthiness, diligence, or reliability"—is very unclear. And finally, the Board contended that the amendments would have the unintended consequence of more law students delaying filing the student registration because there would be no requirement to file an early application to obtain certification as a legal intern.

**CONCLUSION**

On balance, we conclude that the Bar's proposal in this case is not an acceptable compromise between the position of the Florida Board of Bar Examiners—the entity in which we have reposed our trust to carry out the responsibility of screening the character and fitness of certified legal intern registrants—and the positions of the law schools and programs who rely on the participation of certified legal interns to help serve their clients. Although we are concerned that the current rule may have contributed to the reduced participation in certified legal intern programs, and we agree that this reduction in participation is detrimental to law students, law schools, and the programs themselves, we cannot place those interests, no matter how important, above our duty to ensure that the participating students and graduates, who actually provide legal representation under the supervision of members of The Florida Bar, possess the requisite character and fitness for eventual admission to the practice of law, either in this state or another state of their choice. For this reason, we decline to adopt the

proposed amendments at this time. The Florida Board of Bar Examiners and the law schools should continue to stress the benefits of participation and the need for early application to the various clinical and internship opportunities that are available. We strongly encourage law school students to continue to participate in certified legal intern programs and to register early with the Florida Board of Bar Examiners in order to timely receive clearance under the current rules.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and LAWSON, JJ.,
concur.
LEWIS, J., concurs in result.
CANADY, J., concurs in result with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND
IF FILED, DETERMINED.

CANADY, J., concurring in result.

I agree that we should not adopt the proposed rule changes. But I would refer the matter back to the Bar for the development of a proposal that would shift responsibility for providing letters of clearance for certified legal interns from the Board of Bar Examiners to the Bar itself. I believe that the public interest can be adequately protected through the suggested Level 2 background investigation coupled with supervision of interns by members of The Florida Bar. And I believe that this approach can most appropriately be implemented by the Bar.

Original Proceeding – Rules Regulating The Florida Bar

John F. Harkness, Jr., Executive Director, William J. Schifino, Jr., President, Michael J. Higer, President-elect, Gordon J. Glover, Young Lawyers Division President 2015-16, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

     for Petitioner